UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-03555-AB-JPR | Date: | June 18, 2020 |
|---|---|---|---|

| Title: | *Scott Keterson, et al. v. Johnson and Johnson, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **DENYING** PLAINTIFFS' MOTION FOR REMAND [DKT. NO. 32]

### I. INTRODUCTION

Before the Court is Plaintiffs Scott Keterson's and Katherine Keterson's ("Plaintiffs") motion for remand. (Dkt. No. 32). Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. ("Defendants") oppose Plaintiffs' motion. (Dkt. No. 37.) The Court found this matter suitable for decision without oral argument and took Plaintiffs' motion under submission. (Dkt. No. 40.) For the reasons stated below, Plaintiffs' motion for remand is **DENIED**.

### II. BACKGROUND

Plaintiffs filed their complaint in the Superior Court of the State of California, County of Los Angeles on October 25, 2019. (Dkt. No. 1-5.) On April

16, 2020, Defendants filed their Notice of Removal in this Court.[1] (Dkt. No. 1.) Defendants sought removal based on diversity of citizenship of the parties and the amount in controversy. (*Id.*)

Plaintiffs now move to remand this case on two grounds. First, Plaintiffs contend that all defendants who were properly named and served in their complaint have not consented to removal, as required by 28 U.S.C. § 1446(b)(2)(A). Second, Plaintiffs contend that Longs Drug Stores California, L.L.C., a separate Defendant in this case, is a California citizen, thus destroying diversity of citizenship among the parties.

### III. LEGAL STANDARD

28 U.S.C. § 1441(a) ("Section 1441") provides that a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1332 ("Section 1332") provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1446(b)(2)(A) further requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). Thus, "[f]ederal

---

[1] Although more than 30 days passed between Defendants being served with the complaint and Defendants' instant Notice of Removal, Defendants contend that the 30-day limitation for filing a Notice of Removal does not apply, as it was unclear from the complaint whether the case was removable. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("We join with the other circuits that have adopted the same approach to indeterminate pleadings—the ground for removal must be revealed affirmatively in the initial pleadings in order for the first thirty-day clock under [28 U.S.C. § 1446(b)] to begin."). Plaintiffs do not challenge the timelines of Defendants' removal.

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV.   DISCUSSION

### a. Defendants have shown that all defendants who were properly joined and served consented to the removal of this action

First, Plaintiffs challenge Defendants' Notice of Removal on the ground that all defendants who were properly joined and served in their complaint did not consent to removal. In particular, Plaintiffs contend that Defendant CVS Health Corporation did not consent to removal. (Dkt. No. 32 at 7–10.) However, Defendants have submitted a declaration from Thomas Moffatt, Vice President, Assistant Secretary, and Assistant General Counsel of CVS Health Corporation,[2] which states that "CVS Health Corporation . . . consent[s] to the removal of this action[.]" (*See* Dkt. No. 30-1 at ¶ 7.) Accordingly, because Defendants have shown that all defendants that were properly joined and served consented to removal, Plaintiffs' argument under Section 1446(b)(2)(A) is unavailing.

### b. Defendants have shown that there is complete diversity of citizenship among the parties

Second, Plaintiffs challenge Defendants' Notice of Removal on the ground that Long Drug Stores California, L.L.C. is a citizen of California, thus destroying complete diversity of citizenship among the parties. In support of this claim, Plaintiffs identify various California cases in which Long Drug Stores California, L.L.C. participated, as well as a print-out from the California Secretary of State stating that Long Drug Stores California, L.L.C. is registered as a limited liability company in California. (Dkt. No. 32 at 10–12.) However, as Defendants correctly argue in opposition, limited liability companies are considered citizens of the state(s) of which their owners or members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). The evidence submitted by Defendants clearly shows that the sole member of Long Drug Stores California,

---

[2] To the extent the Court relies on Mr. Moffatt's declaration, Plaintiffs' evidentiary objections are overruled.

L.L.C. is Long Drug Stores, L.L.C., and that CVS Pharmacy, Inc. is in turn the sole member of Long Drug Stores, L.L.C.[3] (Dkt. No. 1-10, Moffatt Decl. ¶ 6.) Further, Defendants' evidence clearly shows that CVS Pharmacy, Inc. is incorporated in Rhode Island and has its principal place of business in Rhode Island. (*Id*. ¶ 7.) Accordingly, Defendants have shown that Long Drug Stores California, L.L.C. is a citizen of Rhode Island for the purposes of diversity jurisdiction, thus demonstrating complete diversity of citizenship among the parties.

## V.   CONCLUSION

For the reasons stated above, Plaintiffs' motion for remand is **DENIED**.

   **IT IS SO ORDERED**.

---

[3] To the extent the Court relies on this declaration, Plaintiffs' evidentiary objections are overruled.